1   Krsto Mijanovic (Bar No. 205060)
     *kmijanovic@hbblaw.com*
2   Patrick F. McIntyre (Bar No. 272042)
     *pmcintyre@hbblaw.com*
3   Steven A. Scordalakis (Bar No. 293212)
     *sscordalakis@hbblaw.com*
4   Lisa T. Omoto (Bar No. 303830)
     *lomoto@hbblaw.com*
5   HAIGHT BROWN & BONESTEEL LLP
    555 South Flower Street, Forty-Fifth Floor
6   Los Angeles, California 90071
    Telephone:  213.542.8000
7   Facsimile:  213.542.8100

8   Attorneys for Defendant
    LIBERTY UTILITIES (CALPECO
9   ELECTRIC) LLC

10

## UNITED STATES DISTRICT COURT

11

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13

| | |
|---|---|
| COUNTY OF MONO, a political subdivision of the State of California; ANTELOPE VALLEY FIRE PROTECTION DISTRICT, a special district; TOIYABE INDIAN HEALTH PROJECT, INC., a California Corporation; and BRIDGEPORT INDIAN COLONY, | Case No. |
| | **DEFENDANT LIBERTY UTILITIES (CALPECO ELECTRIC) LLC'S NOTICE OF REMOVAL OF CIVIL ACTION** |
|                        Plaintiffs, | **[28 U.S.C. SECTION 1441 (a)] [Federal Question Jurisdiction]** |
|                   v. | |
| LIBERTY UTILITIES (CALPECO ELECTRIC), LLC; ALGONQUIN POWER & UTILITIES CORP.; and DOES 1 THROUGH 50, INCLUSIVE, | |
|                        Defendants. | |

23

24        TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS

OF RECORD:

25

26        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1331, 1441, 1446, and 1362

Defendant LIBERTY UTILITIES (CALPECO ELECTRIC) LLC (hereinafter "Defendant")

27

hereby gives notice of the removal of the action *County of Mono, a political subdivision of the*

28

*State of California, et al. v. Liberty Utilities (CALPECO ELECTRIC) LLC, et al.*, Case No. 21STCV01855, which is currently pending in the Superior Court of California, County of Los Angeles, to this United States District Court for the Central District of California, Western Division, on the basis of federal question jurisdiction.

In support of such removal, Defendant states as follows:

## THE PARTIES

1.     Plaintiff COUNTY OF MONO is a California County and a political subdivision of the State of California.  (Complaint, p. 2, line 1.)

2.     Plaintiff ANTELOPE VALLEY FIRE PROTECTION DISTRICT is a "special district" within the County of Mono.  (Declaration of Krsto Mijanovic ("Mijanovic Decl.") ¶2; Complaint, p. 2, lines 1-2.)

3.     On information and belief, Plaintiff TOIYABE INDIAN HEALTH PROJECT, INC., a California Corporation, was incorporated in California on January 24, 1973, with its headquarters and principal place of business located at 250 See Vee Lane, Bishop, California, 93514.  (Mijanovic Decl. ¶3.)

4.     Plaintiff BRIDGEPORT INDIAN COLONY (the "Indian Colony") is a sovereign, Native American tribe recognized by the United States Department of the Interior.  The United States has held 40 acres of land in Mono County, California, in trust for Bridgeport Indian Colony since approximately 1974. (Mijanovic Decl. ¶4.)

5.     As of the time of filing of this Notice of Removal, defendant LIBERTY UTILITIES (CALPECO ELECTRIC) LLC is a limited liability company within its principal place of business in Avondale, Arizona.  The sole member of Liberty Utilities (CalPeco Electric), LLC is Liberty Utilities Co., a corporation duly formed under the laws of Delaware, with its principal place of business ("nerve center") located in Avondale, Arizona.  (Mijanovic Decl. ¶5.)

6.     On information and belief, Defendant ALGONQUIN POWER & UTILITIES CORP. ("APUC") was originally incorporated under the Canada Business Corporations Act on August 1, 1988 as Traduction Militech Translation Inc.  Pursuant to articles of amendment dated August 20, 1990 and January 24, 2007, the Corporation amended its articles to change its name to

Société Hydrogenique Incorporée – Hydrogenics Corporation and Hydrogenics Corporation – Corporation Hydrogenique, respectively.  Pursuant to a certificate and articles of arrangement dated October 27, 2009, the Corporation, among other things, created a new class of common shares, transferred its existing operations to a newly formed independent corporation, exchanged new common shares for all of the trust units of Algonquin Power Co. and changed its name to Algonquin Power & Utilities Corp.  APUC's headquarters and principal place of business is located at Suite 100, 354 Davis Road, Oakville, Ontario L6J 2X1.  As such, Defendant APUC is a resident of Ontario, Canada.  (Mijanovic Decl. ¶6.)

7.	Based on information and belief, APUC has not been served with the summons and complaint, and APUC does not object to the removal of this matter to federal court.  (Mijanovic Decl. ¶7.)

## STATE COURT ACTION

8.	On January 19, 2021, plaintiffs COUNTY OF MONO, a political subdivision of the State of California; ANTELOPE VALLEY FIRE PROTECTION DISTRICT, a special district; TOIYABE INDIAN HEALTH PROJECT, INC., a California Corporation; and BRIDGEPORT INDIAN COLONY (collectively referred to as "Plaintiffs") filed a Complaint in the Superior Court of California, County of Los Angeles, Case No.: 21STCV01855 (the "State Court Action"). A true and correct copy of the  Complaint is attached hereto as **Exhibit A**. (Mijanovic Decl. ¶8.)

9.	The INDIAN COLONY alleges causes of action for (1) inverse condemnation, (2) negligence, (3) nuisance, (4) premises liability, (5) trespass, (6) negligence per se, (7) violation of California Public Utilities Code § 2106, (8) violation of California Health & Safety Code §§ 13008, *et seq.*,  and (9) violation of California Health & Safety Code §§ 13009, *et seq.*, in connection with a wildfire ("Mountain View Fire") that occurred in Mono County on November 17, 2020, which allegedly spread to the INDIAN COLONY land and caused significant damage. (Complaint  ¶¶ 1-4, 35.)

10.	The INDIAN COLONY alleges that the wildfire "substantially and legally resulted in the taking of [its] private property and deprived [it] of the use and enjoyment of [its] property," (Complaint  ¶ 48), and that Defendant's conduct "was a substantial factor in causing damage to a

property interest protected by the Fifth Amendment of the U.S. Constitution…and permanently deprived [Indian Tribe] of the use and enjoyment of their property."  (Complaint ¶ 63.)

11.     The INDIAN COLONY alleges, among other things, that it suffered the following injuries and damages:

     a.   Loss of natural resources, open space, wildlife, and public lands;

     b.   Loss of parks, including damage to real property and to recreational opportunities and programs, and the revenue generated therefrom;

     c.   Destruction or damage to public infrastructure, including but not limited to roads, sidewalks, water storage facilities, water distribution systems, sewer collection systems, stormwater systems, underground infrastructure, and other infrastructure;

     d.   Damages related to soil erosion and mitigation, loss of soil stability and productivity, including management of risk of debris flow and landslides;

     e.   Damages related to water contamination including water quality preservation and correction expenses, including but not limited to repair and/or replacement of water treatment facilities or systems;

     f.   Property damages including real property damage and loss of personal property, including loss of vegetation, trees, and structures; and

     g.   Expenses and other economic damages related to the damage to property, including costs relating to storage, clean-up, disposal, repair, depreciation, and/or replacement of Indian Tribe's property, and/or other related consequential damages.

(Complaint ¶¶ 35-37, 72, 73.)

12.     The INDIAN COLONY further alleges that its land was under cultivation, and was used for raising livestock or was intended to be used for raising livestock, and seeks damages for trespass on said land.  (Complaint ¶ 103.)

13.     The INDIAN COLONY alleges, among other things, the wildfire caused the following damages:

a. "Repair, depreciation, and replacement of damaged, destroyed, or lost personal and real property;"

b. "Loss of the use, benefit, goodwill, and enjoyment of [Indian Tribe's] real and personal property;"

c. "Erosion damage to real property and flood control costs;" and

d. "Damages for wrongful injuries to timber, trees, or underwood on its property."

(Complaint, pp. 33-34.)

14.     Defendant first received the Complaint when it was emailed to Defendant's counsel of record on January 19, 2021.  (Mijanovic Decl. ¶9.)

15.     Defendant filed its Answer to the Complaint in the State Court Action on January 27, 2021, a true and correct copy of which is attached hereto as **Exhibit B**.  (Mijanovic Decl. ¶10.)  There are no other pleadings on file in the State Court Action at the time of this Removal except for a Summons and Civil Case Cover Sheet, and a Notice of Petition For Coordination and Declaration of Service.  (Mijanovic Decl. ¶11.)

### GROUNDS FOR REMOVAL

16.     Removal is proper because this action is a civil action in which this Court has original jurisdiction under 28 U.S.C. Section 1331 and exclusive jurisdiction under 28 U.S.C. Section 1352.

17.     Federal authority to allocate jurisdiction in Indian country stems from the Indian Commerce Clause of the U.S. Constitution. Const. art. I, § 8, cl. 3. The Indian Commerce Clause divests the states of "virtually all authority over Indian commerce and Indian tribes." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 62 (1996).

18.     Pursuant to 28 U.S.C. Section 1331, the district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.)  Moreover, pursuant to 28 U.S.C. Section 1362, "[t]he district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy

arises under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1362.) "Unquestionably it has been the policy of the federal government from the beginning to respect the Indian right of occupancy, which could only be interfered with or determined by the United States."  (*United States v. Santa Fe Pacific R. Co*., 314 U.S. 339, 345.)

19.     In *Oneida Indian Nation of N.Y. State v. Oneida County, New York*, 414 U.S. 661 (1974) (*Oneida 1*), the U.S. Supreme Court held that a state-law complaint that alleges a present right to possession of Indian tribal lands necessarily "asserts a present right to possession under federal law," and is thus completely pre-empted and arises under federal law within the meaning of 28 U.S.C. Sections 1331 and 1362.  (*Caterpillar Inc. v. Williams*, 483 U.S. 386, 393 n.8 (1987) [*citing Oneida 1,* 414 U.S. at 675]).

20.     Courts have applied the Supreme Court's ruling in *Oneida 1* to cases in which an Indian tribe seeks compensation for damage to tribal land caused by trespass or other wrongful acts.  "[W]here a tribe seeks damages from a non-Indian 'for trespass on the land, for restoration of the land to its original state or for irreparable injury to the land,' federal jurisdiction exists because the Indian right of possession itself is at stake." (*Owens Valley Indian Housing Auth. v. Turner*, 185 F.3d 1029, 1033 n.4 (9th Cir. 1999), *reh'g granted and opinion withdrawn*, 192 F.3d 1330 (9th Cir. 1999), *appeal dismissed as moot*, 201 F.3d 444 (9th Cir. 1999) [*quoting Gila River Indian Community v. Henningson, Durham & Richardson*, 626 F.2d 708, 715 n.8 (9th Cir. 1980)]; *see also Mescalero Apache Tribe v. Burgett Floral Co*., 503 F.2d 336 (10th Cir. 1974) [extending the holding in *Oneida 1* to include a trespass action seeking compensation for damages allegedly suffered by actions committed against an Indian tribe's interests]).

21.     Accordingly, the INDIAN COLONY is seeking damages from Defendant "for trespass on [tribal] land, for restoration of the land to its original state or for irreparable injury to the land" and federal jurisdiction exists because the Indian right of possession itself is at stake. (*Owens Valley Indian Housing Auth.*, 185 F.3d at 1033 n.4.)

22.     Based on the foregoing, this Court has original jurisdiction over the Complaint; and removal to this Court from the Superior Court of California, County of Los Angeles, is proper, pursuant to 28 U.S.C. Sections 1331, 1362, and 1441, respectively.

1      23.    Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is timely filed

2 within thirty days after Defendant ascertained that the case is one which is removable.

3      24.    Pursuant to 28 U.S.C. Section 1446(d), Defendant will promptly provide written

4 notice of removal of this action to Plaintiffs and the Superior Court of California, County of Los

5 Angeles; and will promptly file a copy of this Notice of Removal with the Clerk of the Superior

6 Court of California, County of Los Angeles.

7      WHEREFORE, Defendant respectfully requests that this Court assume jurisdiction over

8 this action in accordance with 28 U.S.C. Sections 1331, 1441, 1446, and 1362 .

10 Dated:  January 27, 2021       HAIGHT BROWN & BONESTEEL LLP

12       By:    /s/ Krsto Mijanovic

13       Krsto Mijanovic

14       Patrick F. McIntyre

      Steven A. Scordalakis

15       Lisa T. Omoto

16       Attorneys for Defendant

      LIBERTY UTILITIES (CALPECO ELECTRIC) LLC

LU15-0000001
13643690.1
7